UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNIVERSAL MORTGAGE & FINANCE, INC.,**

      **Plaintiff,**

v.                                           Case No.  6:21-cv-2134-CEM-LRH

**NATIONWIDE MORTGAGE BANKERS, INC.,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court upon *sua sponte* review. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Plaintiff alleges that subject matter jurisdiction exists under 28 U.S.C. § 1332 based on diversity of citizenship. (Compl., Doc. 1, at 2). For this Court to properly exercise jurisdiction thereunder, complete diversity must exist at the time of filing. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71 (2004); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

First, the Complaint does not make clear what type of business entity Plaintiff is. (*See* Doc. 1 at 1 (alleging that Plaintiff is a "business" but not specifying the

type)). This, in and of itself, is cause for the Court to question Plaintiff's jurisdictional allegations. Additionally, Defendant is alleged to be a corporation, (*id.* at 1), and assuming Plaintiff is a corporation, (*see id.* (indicating that Plaintiff has the notation of "Inc." in its name)), Plaintiff has failed to sufficiently allege either party's citizenship. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *Holston Invests., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1332(c)(1)). Plaintiff has only alleged it's and Defendant's principal place of business, and it has not alleged either party's place of incorporation. Thus, Plaintiff has failed to sufficiently allege diversity jurisdiction.

Accordingly, it is **ORDERED** that **on or before January 11, 2022**, Plaintiff shall **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on December 28, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record